By the Court. Hoffman, J.
Theplaintiffs were manufacturers of cloths. It was part of their business to receive cloths from others, make them up into wearing apparel, supply the trimmings, and transmit them to the owners. They had received goods of the defendant for this purpose to a large amount. The right of property was undoubtedly in the defendant as owner, subject to a lien for the labor and expenditure of the plaintiffs. The answer and reply sufficiently show the ownership. By the policies taken out, the plaintiffs insure their stock of ready-made clothing, and other hazardous merchandise contained in the building Ho. 112 Fulton-street. And they insure goods specified as of four classes: 1st, goods their own property; 2d, goods held on commission; 3d, those sold but not delivered, where, for example, by the sale the right of property would be transferred; and 4th, goods held by them in trust. The question is, whether we can consider these words to have been used in such a sense as will cover goods in the situation of those of the defendants ?
1st. The business of the plaintiffs was that of dealers in cloth, and manufacturers of it into ready-made apparel. They manufactured their own cloth, and the cloth of others, thereby adding trimmings as well as labor. They also, it is alleged, sold on commission cloths, manufactured or otherwise.
The goods in question were part of a quantity of cloths received before the fire, and were on hand at the time of the fire, not manufactured. They were the property of the defendant, *66 with a lien for any expenses of storage or otherwise which the plaintiffs had incurred.
It is an admitted rule, that an insurance may be effected so as to protect an interest undefined, and an interest of parties not designated, or unknown.
In Finney v. Bedford Commercial Insurance Co. (8 Metcalf, 348) this rule was recognized; but it was held that there must be words used in the policy sufficient to cover the interest unknown, or of persons unknown to the assurers. The appropriate form of the policy in such a case is, “for himself and other owners,” or, “for whom it may concern,” or other words indicating that the insurance is to embrace an interest beyond that of the party in whose name the policy is issued. Such words, or equivalent ones, being introduced into the policy, the rules of law then authorize extrinsic evidence as to the persons who are parties in interest, and who may enforce their claims upon such policy though not particularly named therein.
In Forest v. The Fulton Ins. Co., (1 Hall Rep. 84), Justice Oakley says, that the words in a fire policy, “ held in trust or on commission,” are equivalent to the words “for whom it might concern,” in a marine insurance. See, further, 2 Duer on Insurance, § 21.
There is one proposition, the truth of which, if established, will go far to settle the case in favor of the defendant. Suppose that,. at the time of the fire, there had been no goods in the store but those of the defendant, would not the plaintiffs have been entitled to recover the amount of their loss ? If they would have been so entitled, must they not necessarily have recovered the amount for the use of the defendant, deducting their own claim for work or charges ?
It seems to me the first proposition, and of course the last, must be answered in the affirmative. •
I do not propose to examine any other case to prove this than that of De Forest v. The Fulton Fire Ins. Co. (1 Hall’s Sup. Court Rep. 84.) I have not found that the principle of this case has ever been shaken. The action was there against the company, by the party in whose name the policy was made.
In the first place, every clause which is material in the present policy is' contained, in almost the identical language, in that in *67 the case referred to. The clause as to goods, “ the property of the assured; or held in trust by them, or on commission,” was identical. A clause in the latter case was, “goods held in trust, or on 'commission, are to be declared as suchin the present case it is, “ property held in trust, or on commission, must 'be insured as such; otherwise it will not be covered by the policy.”
Next, at the trial under the direction of the court, three schedules of property were made out; one showing the property absolutely owned by the plaintiffs, in the store, at the time of the fire; another showing the goods insured by express orders of the owners; and a third of the goods held by the plaintiffs, for sale on commission, and for which no orders had been received to insure.
The counsel of the defendant admitted a right of recovery for all the goods, the absolute property of the plaintiffs, and those for which insurance had been ordered. They allowed a right to recover, also, upon the other goods, to the extent of the plaintiffs’ liens, but denied a right to recover for any value beyond that amount, that is, the value of the goods to the consignor.
The court decided that the plaintiffs could recover this value.
The case involves these points: 1st. An insurance, in a running policy against fire, is available for any goods in the store insured at the time of the fire, even if none, or more, or less, or different goods were in it, at the date of the policy. No one will contest the truth of this proposition, in the absence of different express stipulations.
2d. That as it is not essential to have had the goods specified, so it is immaterial to have the owners designated. Whatever goods were in the store on consignment, at the time of the loss, were covered, to whomsoever they belonged; and the successive owners of such goods were respectively covered, while they were in the store, although not one of them was known or named. I apprehend that this proposition, also, may be abundantly proved by other cases.
3d. The consignees for sale had a right and power to insure, without orders from the principal for what was his interest in those goods, beyond their own interest for advances and charges.
And lastly, that the fact of a policy covering, in terms, goods held on consignment, and that, at the time of the loss, some goods were so held, enabled the consignees to recover their whole value *68 in their own action. And I deduce, from a careful study of this case, that the decision was reached without any dependence upon the usage to insure in Hew York, which the jury found, and that it would have been precisely the same if not a word of evidence as to such usage had been given. Justice Oakley expressly says, “ that in the view he had taken of the case, the usage found by the jury had no material bearing upon it.”
Again, the case is decisive of the present as to the third clause of this policy. The third clause of that policy was exactly the. same in meaning. It was fulfilled by the general language in the body of the instrument, “ goods, as well the property of the assured, as held by them in trust or on commission.”
The language of Mr. Justice Oakley is, “ the whole tenor of the policies shows that all goods covered by them were considered to the same extent, and, for all the purposes of the insurance, as the property of the assured.”
When I closely apply this decision to the present case I confess my inability to distinguish them. The goods here were in the possession of the plaintiffs, with a qualified interest in them up to the amount of any charges respecting them. Beyond this the entire ownership was in the defendants. In the case of De Forest the goods were in the possession of the consignees, with a qualified interest in them for advances and charges, and then an entire interest in others. The goods there were covered for an interest in others in which the nominal insured had not the slightest participation ; the goods here are exactly in the same position. The goods there were comprised in the policy, though unknown and without specification, and though the owners were unknown and unnamed, their interest was represented by the nominal assured; the interest of owners of goods held in trust in the present case is also thus represented.
Upon the proposition now discussed, there would then remain one single point to be determined to render De Forest v. The Fulton Company perfectly applicable and decisive. It is, have we a right to say, that goods in the store of the plaintiffs, and held or possessed by them under the circumstances in which the defendant was possessed, were goods held in trust within the sense of the policy ? It is to be admitted that the defendant here is to sustain the affirmative of this proposition.
*69 The sense which a legal mind attributes to the term trustee and trust estate, in connection with real property, is forced and unnatural, when applied to parties in their present relative position in this suit. To suppose that a merchant, when he speaks of goods held in trust by him, means that he has the absolute legal title, and so.me one else an absolute right to the interest, profits, or avails, seems to me simply preposterous. Much the most natural meaning is, that he refers to goods of which he has the possession or control, and some one else the ownership. But such a meaning, and its application to particular cases, would much depend upon the nature of the merchant’s business.
We may not discard these terms from the policy. We have a right to assume that the parties intended something by using them. What was it that they intended? It was not to cover goods consigned to them for sale; it was not goods their own property previous to a sale, but sold and not yet delivered; and it was not goods their own absolute unqualified property. They intended to cover goods held in trust; and goods held in trust did not fall within either of these classes. What goods, then, were held in trust by them at the date of the policy, at the time of the loss, and through the intermediate period ?
The case of Siter v. Morse (1 Harris, 218) is expressly in point. The action was to recover a proportionate amount of a loss recovered from one insurance company. The policy was on $10,000, upon merchandise generally, and without exception, their own or held in trust, or on consignment, contained in the brick building, &c.
The defendants received goods in boxes, said to contain furniture, apparel, and books; and, at the time of the fire, held these on deposit, subject to the plaintiff’s order, and had in the warehouse other merchandise, their own and on consignment, to the value of $12,026.25.
The action for a proportionate amount, $1000, was sustained.
Stroud, J., said “ the expression ‘ held in trust,’ to say nothing of the broad term, ' on consignment,’ seems to me to comprehend and protect the plaintiff’s goods.” He quotes the definition of a bailment by Sir William Jones and Justice Story, and holds that it was goods in the possession of the plaintiffs at the time of the *70 fire. That the trustee may insure and recover the amount, for the benefit of the party really interested, has long since ceased to be an open question. De Forest v. The Fulton Insurance Company is cited and relied upon. Why, having provided for their own property, and property held on consignment, was that held in trust mentioned? What else does it mean in this connection but property, the custody and possession of which was in themselves, but the actual ownership in others ?
This opinion was adopted by the court above. Watkins v. Devana, (1 Porter, Alabama Rep. 251), was in some respects similar. The owner of goods placed in defendants’ store, to be sold at auction, had a right to adopt the insurance against the underwriters, and no less against the trustee or agent who received the money, and this after the loss. It is true the agent had inserted the goods in his schedule rendered,to the insurers.
It remains but to add, that the defendants in this case were warranted in adopting the insurance as made on their own account, even after the loss. Mr. Duer has collected the authorities both foreign, English, and American, (2 Duer on Insurance, § 24.) The rule was expressly recognized in the late case of Mittenberger v. Beam, (9 How. 198.)
The words then being clearly sufficient to cover the defendant’s goods, it being a just presumption of law, that they were used by the plaintiffs and inserted in the policy to cover goods so situated, the burden was on the plaintiffs to show that they did employ them in a restricted sense; as, for example, only to cover goods held in trust for which orders to insure had been received. Lee Ins. Co. v. Updegrast, (21 Tenn. Rep. 513).
In our opinion there is no reason to change the result at which the court before arrived.
Judgment in favor of the defendant for the offset claimed. The amount will be adjusted by one of the Judges.
In the opinion delivered by me in May Term, I treated the evidence of witnesses, as to the acceptation of the terms used, as admissible. A custom, it seemed to me, whether as to acts, or meaning of language, is but an aggregation of the practice of individuals, and if this is deposed to - without objection, as in the present case, it might be considered in the court above, although certainly the proper question would have been, what the custom *71 of those engaged in such busiu was ? My brethren are not to be understood as concurring ’ these views, and find it unnecessary also to express a decid dissent from them.
The decision rests upon the general ground stated.
Note.—Since the decision of this cause, I have met with the case of Waters v. The Monarch Life Ins. Corp., (5 Ellis & Blackburn, 872; 2 Br. 1856.) The question was similar in ever- particular, except that the amount of insurance covered the factor’s goods and left a surplus. The decision was, that the policy covered goods held like the present.